IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC RUDOLPH, )
    Petitioner, )
)
v. ) 2:12-cv-187
)
LOUIS S. FOLINO, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

Eric Rudolph, an inmate at the State Correctional Institution at Greene, has presented a petition for a writ of habeas. In his petition, Rudolph seeks to challenge his conviction on charges of homicide and aggravated assault and the sentence of life imprisonment, imposed by the Court of Common Pleas of Westmoreland County, Pennsylvania on April 14, 1994, docketed at No. CC 2479-C-1993.

The instant petition was filed on February 14, 2012. However, this is not the first federal challenge that Petitioner has directed at this conviction. Rudolph has filed several other habeas actions in this Court: on June 6, 2000, he filed Civil Action No. 00-1109, which was dismissed on August 29, 2000; on January 21, 2003, he filed Civil Action No. 03-92, which was denied on May 11, 2004 as untimely filed, and the Court of Appeals for the Third Circuit denied his request for a certificate of appealability on January 20, 2005; finally, on August 15, 2007, he filed Civil Action No. 07-1121, which was dismissed on December 17, 2007, on the ground that it was successive to Civil Action No. 03-92. Rudolph once again returns to this Court challenging the same conviction which he previously collaterally attacked.

The Antiterrorism and Effective Death Penalty Act (AEDPA), signed into law on April

24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language in AEDPA provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

The instant petition was improperly filed in this Court as opposed to the Court of Appeals for the Third Circuit as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and the instant petition will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 23rd day of February, 2012, for the reasons set forth in the foregoing Memorandum, the instant petition (ECF No. 1) is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 as a successive petition.

IT IS FURTHER ORDERED that Petitioner's motion to appoint counsel (ECF No. 2) is dismissed as moot.

            s/Robert C. Mitchell
            ROBERT C. MITCHELL
            United States Magistrate Judge

Entered: February 23, 2012

cc:    Eric Rudolph
      CK-0358
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370